(No. 76-CC-0564—)

MELVIN McKIBBEN, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 23, 1977.*

SILVERSTEIN & STEIN by MICHAEL WEXLER, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; JAMES O. STOLA, Assistant Attorney General, for Respondent.

148

POLOS, C.J.

Claimant, Melvin McKibben, seeks to recover the sum of $15,000.00 as damages for time unjustly served in the Illinois State Penitentiary.

This action arises under Section 8(c) of the "Court of Claims Act" which grants this Court jurisdiction to hear and determine:

"c. All claims against the state for time unjustly served in prisons of this State where the persons imprisoned shall receive a pardon from the governor stating that such pardon is issued on the ground of innocence of the crime for which they were imprisoned; provided, the Court shall make no award in excess of the following amounts: for imprisonment of five years or less, not more than $15,000.00; for imprisonment of 14 years or less but over five years, not more than $30,000.00; for imprisonment of over 14 years, not more than $35,000.00; and provided further, the court shall fix attorneys fees not to exceed 25 percent of the award granted."

The record herein establishes that the Claimant was indicted by the Cook County Grand Jury for the crime of murder and was arrested pursuant thereto on November 10, 1971. Upon his arrest he was placed in the Cook County Jail where he was confined continuously until his trial. He was found guilty on April 17, 1972, and was sentenced to a term of imprisonment in the Illinois State Penitentiary for not less than 20 nor more than 30 years.

On January 17, 1975, the Appellate Court of Illinois reversed Claimant's conviction stating:

"We conclude therefore, that the State's evidence in this case is so unsatisfactory that it raises a reasonable doubt of defendant's guilt."

The Claimant was released from custody on January 17, 1975, and on July 23, 1976, Governor Daniel

Walker issued a pardon to Claimant on the ground of innocence.

The issue in this case is the amount of damages to which the Claimant is entitled. Claimant worked as a barber prior to his conviction. He proved by his testimony and that of his employer that his earnings prior to his conviction were between $95.00 and $100.00 per week.

Claimant seeks compensation for imprisonment from the time of his arrest to the time of his release — a period of three years and two months — which includes incarceration in the Cook County Jail awaiting trial.

Respondent contends that time served awaiting trial is not "time unjustly served in prisons of this state" and that such time should not be included in computing the compensable period. Respondent thus urges that Claimant spent only two years and nine months unjustly imprisoned in a prison of this State.

This precise question was decided by this Court in *Coffey v. State, 31 Ill. Ct. Cl. 350 (1977),* where the Court held that time served in a county jail awaiting trial is not compensable under the Act.

In computing an award for time unjustly served in a prison of this state, the Court must consider monetary loss, the anguish necessarily suffered by a Claimant be reason of the loss of his liberty, and the length of the incarceration in a prison of this State.

On consideration of the record in this case, the Court finds that Claimant should be awrded the sum of $10,000.00 for his unjust imprisonment in a prison of this State.

It is therefore ordered that Claimant be and hereby is awarded the sum of $10,000.00.